## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-cv-20375-BLOOM

THE PEOPLE OF THE UNITED STATES
OF AMERICA,
*C/O Stephen Daniel Leonard*

      Plaintiffs,

v.

DONALD J. TRUMP and THE UNITED
STATES OF AMERICA,

      Defendants.

_____/

### ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(g)

**THIS CAUSE** is before the Court on Plaintiff Stephen Daniel Leonard's *pro se* Complaint under 42 U.S.C. § 1983. ECF No. [1]. Plaintiff, a pretrial detainee at the Miami Federal Detention Center, brings claims on behalf of "[t]he People of the United States of America (class of Plaintiffs)" against President Donald J. Trump and the United States of America. *Id.* at 1–2. Plaintiff has not paid the filing fee and has moved for leave to proceed *in forma pauperis* ("IFP"). As explained below, Plaintiff may not initiate a civil action in federal court without prepaying the entire filing fee because he has three "strikes" under 28 U.S.C. § 1915(g). Therefore, his Complaint is **DISMISSED** without prejudice.

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person who is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by

filing a motion for leave to proceed IFP. 28 U.S.C. § 1915(a). The statute, however, contains a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The purpose of this provision, known as the "three-strikes rule," is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). After a prisoner has filed three or more meritless actions or appeals, a district court is authorized to dismiss the complaint without prejudice under the three-strikes rule if the prisoner fails to pay the filing fee "at the time he *initiates* suit." *Id*. (emphasis in original).

Plaintiff did not pay the filing fee when he initiated this suit. Therefore, his Complaint must be dismissed without prejudice under the three-strikes rule. Plaintiff was recently found to be a three-strike litigant by another district judge of this District.[1] *See Leonard v. United States*, No. 25-cv-20041-DMM, ECF No. 3 (S.D. Fla. Jan. 7, 2025) (listing Plaintiff's prior lawsuits and appeals that count as strikes under § 1915(g)).

In addition, Plaintiff does not allege imminent danger. To qualify under the imminent danger exception to the three-strikes rule, the Eleventh Circuit requires a pleading of "specific allegations of present imminent danger that may result in serious physical harm." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed [IFP] pursuant to the

---

[1] Federal Rule of Evidence 201 permits the Court to take judicial notice of other courts' orders "for the limited purpose of recognizing the 'judicial act' that the order represents. . . ." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted).

imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). "To avail himself of the imminent danger exception, a three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint." *Smith v. Dewberry*, 741 F. App'x 683, 686 (11th Cir. 2018) (citing *Medberry*, 185 F.3d at 1193). Plaintiff's Complaint alleges that the President of the United States and the U.S. Government are violating the Constitution in myriad ways, but it contains no allegations that Plaintiff is in imminent danger of serious physical injury.

Moreover, Plaintiff may not avoid the three-strikes rule by bringing this case as a class action. Under the PLRA, each inmate is responsible for the full filing fee. *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). Therefore, if Plaintiff wishes to pursue his claims, he must file a new case and pay the full filing fee **at the time he initiates the suit**. *See Dupree*, 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." (emphasis in original)). In any event, *pro se* prisoners may not bring class actions. *See Bass v. Benton*, 408 F. App'x 298, 299 (11th Cir. 2011) (affirming dismissal of *pro se* prisoner's class action because a prisoner "may not represent [other] plaintiffs in a class action suit"); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (explaining that 28 U.S.C. § 1654, the provision permitting parties to proceed *pro se*, "provide[s] a personal right that does not extend to the representation of the interests of others.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]** is **DISMISSED without prejudice** under the three-strikes rule of § 1915(g).

2. The Clerk of Court is directed to **CLOSE** this case.

3.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all
pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 27, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    Stephen Daniel Leonard, *PRO SE*
       31570-511
       Miami FDC
       Federal Detention Center
       Inmate Mail/Parcels
       Post Office Box 019120
       Miami, FL 33101